IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  3:02-cr-136 |
| | ) | |
| DONTARION NOLAN | ) | |

## MEMORANDUM AND ORDER

This matter is presently before the court on defendant's *pro se* motion to compel the court to enter an order pursuant to 28 U.S.C. § 1361 [*see* Doc. 20]. For the reasons that follow, defendant's motion will be denied.

The authority upon which the *pro se* defendant relies, 28 U.S.C. § 1361, provides as follows:

> The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Here, the defendant contends that the Bureau of Prisons (BOP) is not giving him proper credit for the time he spent in federal custody while on a writ of *habeas*

*corpus ad prosequendum*, and therefore this court should order an appropriate official of the BOP to do so.

The record reflects that the defendant was produced for the sentencing hearing in this case by the state authorities, which then had primary jurisdiction over the defendant. It also appears that the State did give defendant jail time credit for the time period about which he complains. If that is the case, then the law has been satisfied. Congress has made it clear that a defendant cannot receive double credit for his detention time. *See United States v. Wilson*, 503 U.S. 329, 337 (1992). Again, the general rule is that BOP will not give credit toward a federal sentence if credit has already been given for the same period of custody toward a state sentence.

Under these circumstances, this court cannot order the BOP to give defendant credit on his federal sentence. The court can, however, make that recommendation to the BOP and this court did, in fact, do so in its judgment imposed on May 19, 2003, recommending specifically that the defendant "receive credit for time already served." [*See* Doc. 17, p.2]. Thus, this court has done all it can in that respect.

Accordingly, defendant's *pro se* motion to compel this court to enter an order pursuant to 28 U.S.C. § 1361 [Doc. 20] is hereby DENIED.

**E N T E R :**

_____
*s/  James H. Jarvis*
UNITED STATES DISTRICT JUDGE